UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT C. DEE,                                          :   **INDEX NO.: 08 CIV 3493**

                               Plaintiff,   :
                                                :   **ANSWER**
-against-                                               :
                                                :   **Trial by Jury Demanded**
METROPOLITAN TRANSPORTATION AUTHORITY                   :
and CENTENNIAL ELEVATOR INDUSTRIES, INC.,               :   **Judge Buchwald**

                                          Defendants.  :
------------------------------------------------------------------------X

The defendant, **METROPOLITAN TRANSPORTATION AUTHORITY,** by and through its Weiner, Millo & Morgan, LLC, answers the plaintiff's Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "1" of plaintiff's Complaint.

2. Denies each and every allegation contained in paragraph numbered "2" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

3. Denies each and every allegation contained in paragraph numbered "3" except admits that defendant Metropolitan Transportation Authority maintains its principal place of business in the County of New York, State of New York, and directs all questions of law to the Court and questions of fact to the trier of fact.

4. Denies each and every allegation contained in paragraph numbered "4" except admits that defendant Metropolitan Transportation Authority was and is a Public Benefit Corporation and directs all questions of law to the Court and questions of fact to the trier of fact.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "5" of plaintiff's Complaint.

6. Denies each and every allegation contained in paragraph numbered "**6**" except admits that on June 4, 2007, the plaintiff Robert C. Dee was employed as a civilian Safety Coordinator with the Metropolitan Transportation Authority Police and directs all questions of law to the Court and questions of fact to the trier of fact.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "**7**" of plaintiff's Complaint.

8. Denies each and every allegation contained in paragraph numbered "**8**" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

9. Denies each and every allegation contained in paragraph numbered "**9**" except admits that defendant Metropolitan Transportation Authority was and is a New York Authority and Public Benefit Corporation formed and existing under the Laws of the State of New York.

10. Denies each and every allegation contained in paragraph numbered "**10**" except admits that on August 28, 2007, plaintiff served upon Defendant Metropolitan Transportation Authority a Notice of Claim and directs all questions of law to the Court and questions of fact to the trier of fact.

11. Denies each and every allegation contained in paragraph numbered "**11**" except admits that 30 days have elapsed prior to the commencement of this action since the service of the Notice of Claim, and directs all questions of law to the Court and questions of fact to the trier of fact.

12. Admits the allegations contained in paragraph "**12**" of the plaintiff's Complaint.

13. Denies each and every allegation contained in paragraph numbered "**13**" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

14. Denies each and every allegation contained in paragraph numbered "**14**" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "**15**" of plaintiff's Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "**16**" of plaintiff's Complaint.

17. Admits the allegations contained in paragraph "**17**" of plaintiff's Complaint.

18. Denies each and every allegation contained in paragraph numbered "**18**" of the plaintiff's Complaint.

19. Denies each and every allegation contained in paragraph numbered "**19**" of the plaintiff's Complaint.

20. Denies each and every allegation contained in paragraph numbered "**20**" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

21. Denies each and every allegation contained in paragraph numbered "**21**" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

22. Denies each and every allegation contained in paragraph numbered "22" of the plaintiff's Complaint.

23. Denies each and every allegation contained in paragraph numbered "23" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

24. Denies each and every allegation contained in paragraph numbered "24" of the plaintiff's Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "25" of plaintiff's Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "26" of plaintiff's Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "27" of plaintiff's Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "28" of plaintiff's Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "29" of plaintiff's Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "30" of plaintiff's Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "31" of plaintiff's Complaint.

32.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered **"32"** of plaintiff's Complaint.

33.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered **"33"** of plaintiff's Complaint.

34.  Denies each and every allegation contained in paragraph numbered **"34"** of the plaintiff's Complaint.

35.  Denies each and every allegation contained in paragraph numbered **"35"** of the plaintiff's Complaint.

36.  Admits the allegations contained in paragraph **"36"** of the plaintiff's Complaint.

37.  Denies each and every allegation contained in paragraph numbered **"37"** of the plaintiff's Complaint.

38.  Denies each and every allegation contained in paragraph numbered **"38"** of the plaintiff's Complaint.

39.  Denies each and every allegation contained in paragraph numbered **"39"** of the plaintiff's Complaint.

40.  Denies each and every allegation contained in paragraph numbered **"40"** of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

41.  Denies each and every allegation contained in paragraph numbered **"41"** of the plaintiff's Complaint.

42. Denies each and every allegation contained in paragraph numbered "42" of the plaintiff's Complaint and directs all questions of law to the Court and questions of fact to the trier of fact.

43. Denies each and every allegation contained in paragraph numbered "43" of the plaintiff's Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "44" of plaintiff's Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "45" of plaintiff's Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "46" of plaintiff's Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "47" of plaintiff's Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "48" of plaintiff's Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "49" of plaintiff's Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "50" of plaintiff's Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph numbered "51" of plaintiff's Complaint.

52. Denies each and every allegation contained in paragraph numbered "**52**" of the plaintiff's Complaint.

53. Denies each and every allegation contained in paragraph numbered "**53**" of the plaintiff's Complaint.

54. Denies each and every allegation contained in paragraph numbered "**54**" of the plaintiff's Complaint.

55. Denies each and every allegation contained in paragraph numbered "**55**" of the plaintiff's Complaint.

### AS AND FOR A FIRST, SEPARATE, AND COMPLETE DEFENSE

56. If injuries and damages were sustained by the plaintiff at the time and place and manner alleged in the complaint, such injuries and damages are attributable, in whole or in part to the culpable conduct of the plaintiff.

### AS AND FOR A SECOND, SEPARATE, AND COMPLETE DEFENSE

57. Plaintiff failed to mitigate the injuries and damages allegedly sustained.

### AS AND FOR A THIRD, SEPARATE, AND COMPLETE DEFENSE

58. Upon information and belief, the plaintiff's injuries and damages, if any, were caused by the intervening action of third parties unrelated to this answering defendant.

### AS AND FOR A FOURTH, SEPARATE, AND COMPLETE DEFENSE

59. That in the event the plaintiff's damages as alleged in the Complaint were caused, in whole or in part, by the comparative negligence of the plaintiff, then the amount of damages otherwise recoverable by the plaintiff should be diminished and reduced in the proportion the plaintiff is found to be comparatively negligent by the trier of fact.

### AS AND FOR A FIFTH, SEPARATE, AND COMPLETE DEFENSE

60. That in the event any judgment or verdict is rendered in favor of plaintiff, the answering defendant is entitled pursuant to CPLR § 4545 to have such judgment or verdict reduced by the amount of any collateral payments or other payments made to the plaintiff for expenses or costs, and by the amount of all such payments the plaintiff will receive in the future.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

61. In the event that a judgment or verdict is rendered on behalf of the plaintiff the answering defendant is entitled to a set off of the amount received by plaintiff from persons or entities, being a party or not to the action, pursuant to General Obligations Law § 15-108.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE DEFENSE

62. That all the hazards and risks attendant to the circumstances set forth in the Complaint were obvious and apparent and were expressly assumed by the plaintiff.

### AS AND FOR A EIGHTH, SEPARATE, AND COMPLETE DEFENSE

63. That if the plaintiff sustained any damages as alleged in the Complaint, such damages were the result of the culpable conduct, action or inaction, or breach of duty, of other persons or entities, being or not being parties to this action, or their servants, agents or employees, over whom the defendant exercised no control and that the answering defendant is blameless and free from any and all culpable conduct, negligent acts or breach of duty as to said plaintiff.

### AS AND FOR A NINTH, SEPARATE, AND COMPLETE DEFENSE

64. That the plaintiff has failed to join all necessary parties to this action.

### AS AND FOR A TENTH, SEPARATE, AND COMPLETE DEFENSE

65. That the plaintiff failed to state a cause of action.

### AS AND FOR A ELEVENTH, SEPARATE AND COMPLETE DEFENSE

66. If the answering defendant is found to be liable, and their liability is fifty percent or less of the total liability of all persons liable; by reason thereof and Section 1601 of the CPLR, the answering defendant's liability as to non-economic loss, if any, shall not exceed the answering defendant's equitable share thereof.

### AS AND FOR A TWELFTH, SEPARATE AND COMPLETE DEFENSE
### COMPLETE AFFIRMATIVE DEFENSE

67. That the plaintiffs' action is barred by the Omnibus Workers Compensation Act of 1996.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST
### THE CO-DEFENDANT, CENTENNIAL ELEVATOR INDUSTRIES, INC.

68. That if there is a verdict of liability as against the answering defendant by reason of the matters alleged in the plaintiff's Complaint herein, which the answering defendant denies then, in that event, such damages were caused, in whole or in part, as a result of the actions or omissions, carelessness, recklessness, negligence, breach of contract and breach of warranty of CENTENNIAL ELEVATOR INDUSTRIES, INC., consequently, the answering defendant shall be entitled to contribution from and indemnity by CENTENNIAL ELEVATOR INDUSTRIES, INC. of an equitable share of any such adjudication of liability, on the basis of the comparative degree of culpability of CENTENNIAL ELEVATOR INDUSTRIES, INC. for the plaintiff's damages.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST
## THE CO-DEFENDANT, CENTENNIAL ELEVATOR INDUSTRIES, INC.

69. The answering defendant and CENTENNIAL ELEVATOR INDUSTRIES, INC. entered into an agreement where it was agreed that CENTENNIAL ELEVATOR INDUSTRIES, INC. should hold the answering defendant harmless and indemnify the answering defendant from and against any and all claims and demands for, or in connection with any action, damage or demand whatsoever, and CENTENNIAL ELEVATOR INDUSTRIES, INC. owes the answering defendant full indemnity.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST
## THE CO-DEFENDANT, CENTENNIAL ELEVATOR INDUSTRIES, INC.

70. The answering defendant and CENTENNIAL ELEVATOR INDUSTRIES, INC. entered into an agreement whereby CENTENNIAL ELEVATOR INDUSTRIES, INC. agreed to procure an insurance policy naming the answering defendant as named insured on such insurance policy. CENTENNIAL ELEVATOR INDUSTRIES, INC. breached such agreement and failed to name answering defendant on such policy, and CENTENNIAL ELEVATOR INDUSTRIES, INC. is obligated to pay all damages sustained by such breach of the agreement pursuant to <u>Kinney v. Lisk.</u>

WHEREFORE, the answering defendant, **METROPOLITAN TRANSPORTATION AUTHORITY** demands judgment dismissing the Complaint herein as to said answering defendants; and further demands judgment with regard to answering defendant's cross-claims; together with attorneys fees, the costs and disbursements of this action, and such other and further relief as to the Court shall seem just, proper and equitable.

Dated: New York, New York
June 26, 2008

Yours etc.,

By: _____
Andrew C. Wiener (ACW 2446)
WEINER, MILLO & MORGAN, LLC
Attorneys for Defendant
**METROPOLITAN TRANSPORTATION AUTHORITY**
220 Fifth Avenue, 10th Floor
New York, NY 10001
(212) 213-1220
WMM File No.: 393-020

TO: NEIMARK & NEIMARK, LLP
Attorneys for Plaintiff
37 Congers Road
New City, New York 10956-5135
(845) 638-3012
Your File No.: W-334

Attn: Ira H. Lapp, Esq. (IL-4227)

FAUST, GOETZ, SCHENKER & BLEE, LLP
Attorneys for Defendant
CENTENNIAL ELEVATOR INDUSTRIES, INC.
Two Rector Street
New York, NY 10006
(212) 363-6900

Attn: Marisa Goetz