UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT C. DEE,

                                     Plaintiff,           **DEMAND FOR**
                                                                                                             **INTERROGATORIES**
          -against-

                                                                                           **Index No.: 08 CIV 3493**
METROPOLITAN TRANSPORTATION AUTHORITY                        **(NRB)**
and CENTENNIAL ELEVATOR INDUSTRIES INC.,

                                     Defendants.
---------------------------------------------------------------X

TO:    PLAINTIFF

       PLEASE TAKE NOTICE, that you are hereby required to serve upon the undersigned a response to interrogatories within ten (10) days from the date hereof:

1. The date of birth, social security number, and residence of each plaintiff.

2. Date, approximate time and condition of weather at time of accident.

3. State the exact manner in which plaintiff(s) alleges or will allege the accident occurred.

4. Give the nature, extent, location, and duration of each and every injury claimed to have been sustained by each plaintiff specifying each injury which is claimed permanent or that none is permanent.

5. How long will it be claimed that each plaintiff was confined to (a) hospital or hospitals, giving specific dates of admission and discharge, (b), bed and (c) home, giving the specific dates of confinement.

6. If x-rays were taken, state the name and address of the place where they were taken, the name and address of the person who took them, the date each was taken and what it disclosed.

7. If treated by doctors, state the name and present address of each doctor, the dates, and places where treatments were received and the date of last treatment. Annex true copies of all written reports rendered to you by any such doctors whom you propose to have testify in your behalf.

8. If still being treated, the name and address of each doctor rendering treatment, where and how often treatment is received and the nature

   thereof.

9.  If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each doctor, if any, who rendered treatment for said condition.

10.  If employed at the time of accident, state: (a) The name and address of the employer. (b) Position held and nature of work performed. (c) Average weekly wages for past year. (d) Period of time lost from employment, giving dates. (e) Amount of wages lost, if any.

11.  If other loss of income, profit, or earnings is claimed:

  (a)  State total amount of said loss.

  (b)  Give a complete detailed computation of said loss.

  (c)  State nature and source of loss of such income, profit, and earnings and date of deprivation thereof.

12.  Itemize any and all other losses or expenses incurred not otherwise set forth.

13.  State what earnings, if any, each plaintiff claims to have lost.

14.  If there has been a return to employment or occupation, state:

  (a)  Name and address of present employer.

  (b)  Position held and nature of work performed.

  (c)  Present weekly wages, earnings, income, or profit.

15.  State the sum of money claimed to have been extended or the indebtedness incurred by each plaintiff for:

  (a)  medicines,

  (b)  physicians services,

  (c)  hospitalization and

  (d)  nurses' services, itemizing amounts paid to each doctor or hospital.

16. Describe all injuries sustained by you in any prior accident.

17. Annex hereto copies of all interrogatories ever signed by you in said prior incidents.

18. If damage to property is claimed to have resulted from such accident:

    a.  describe in detail each and every item of property allegedly damaged;

    b.  state the cost to repair or replace each and every item of damage to plaintiff's property;

    c.  state the amount of damages sustained by plaintiff(s) for loss of profits and how this amount was calculated.

19. If the accident involves property or premises, state:

    a.  the exact part or portion of the premises wherein the alleged accident occurred;

    b.  if said occurrence took place upon a stairway the location and the step thereon. If accident happened on sidewalk, the distance from the nearest intersection and the nearest curb or building line;

    c.  the exact defect which caused the alleged occurrence and in what manner the defendants were negligent;

    d.  whether this defendant(s) had actual and/or constructive notice of the alleged defective condition;

    e.  if such notice was actual, state who gave such notice, to whom same was given and the date and who gave such notice. If constructive, the length of time the condition existed.

    f.  if it is claimed that negligent repairs were made, state when, where and by whom on behalf of the defendant(s) they were made, and in what manner such repairs were negligent.

20. If an intentional act or tort is claimed:

    a.  set forth in detail the circumstances leading up to the alleged intentional act, including but not limited to, the physical acts, verbal threats, etc.,

  b. set forth the exact acts which are alleged to constitute the intentional act.

21. A statement of the acts or omissions constituting the negligence claimed.

22. State what statutes, regulations, rules, ordinances it will be claimed were violated by this defendant, specifying the chapter, section, subdivision, or article thereof:

  a. the date of each alleged violation;

  b. how and in what manner was each violation committed by this defendant(s).

23. State whether plaintiff was married at the time of the occurrence alleged in the Complaint.

24. Set forth the name and address of plaintiff's spouse.

25. If a claim will be made for loss of service or consortium set forth the manner in which such damages are calculated.

  a. identify the nature of the loss of services or consortium;

  b. set forth the length of time for which such claim is made.

PLEASE TAKE FURTHER NOTICE, that in the event of the plaintiff's failure to comply with the foregoing demand within ten (10) days, the defendant(s) will move to preclude the offering of any evidence as to the matters herein demanded.

Dated: New York, New York
   July 14, 2008

Yours, etc.

FAUST GOETZ SCHENKER & BLEE
By: Marisa Goetz (MG 6582)
Attorneys for Defendant
CENTENNIAL ELEVATOR
INDUSTRIES INC.
Two Rector Street, 20th Floor
New York, New York 10006
(212) 363-6900
Our File No.: 9322-BRAC

TO:

IRA H. LAPP, ESQ.
NEIMARK & NEIMARK LLP
Attorneys for Plaintiff
37 Congers Road
New City, New York 10956-5135
(845) 638-3012
(845) 638-3093-fax
File No.: W-334

Andrew Wiener
WEINER MILO & MORGAN
Attorneys for Defendant MTA
220 Fifth Ave., 10th Floor
New York, New York 10001
212-213-1220
212-889-5228-fax
File No.: 393020

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK   )

Elizabeth Santos, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Perth Amboy, New Jersey.

That on July 14, 2008, deponent served the within Demand for Interrogatories upon the attorneys and parties listed below by United States prepaid mail within the State of New York:

TO:   IRA H. LAPP, ESQ.
      NEIMARK & NEIMARK LLP
      Attorneys for Plaintiff
      37 Congers Road
      New City, New York 10956-5135
      (845) 638-3012
      (845) 638-3093-fax
      File No.: W-334

      Andrew Wiener
      WEINER MILO & MORGAN
      Attorneys for Defendant MTA
      220 Fifth Ave., 10th Floor
      New York, New York 10001
      212-213-1220
      212-889-5228-fax
      File No.: 393020

_____
Elizabeth Santos

Sworn to before me this
14th day of July, 2008.

_____
Notary Public

MARISA GOETZ
NOTARY PUBLIC STATE OF NY
NO 02GO6121680
QUALIFIED IN NY COUNTY
COMMISSION EXPIRES 2009.